F I L E D
Clerk
District Court

FEB 1 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CR- 05-00018-001                                    February 10, 2006
                                                    10:10 a.m.

**UNITED STATES OF AMERICA -V- JOAQUINA PANGELINAN REYES**

PRESENT:    HON. ALEX R. MUNSON, Chief Judge Presiding
            SANAE SHMULL, Court Reporter
            K. LYNN LEMIEUX, Courtroom Deputy
            JAMIE BOWERS, Assistant U. S. Attorney
            DANILO AGUILAR, Counsel for Defendant
            JOAQUINA PANGELINAN REYES, Defendant

PROCEEDING:    SENTENCING

Defendant was present with her counsel, Attorney Danilo Aguilar. Government by Timothy Moran, AUSA. Also present was U.S. Probation Officer, Margarita Wonenberg.

Government made a motion to remove paragraph 101 in the presentence investigation report because the information defendant provided so far has not aided the government.

Court adopted the presentence investigation report, **as amended**, and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties.

Government had no objection to the advisory guidelines that the Court intends to be guided; Defense had no objections. Court adopted the advisory guidelines.

Government recommended that this defendant receive a sentence within the guideline range and a recommendation that the defendant participate in a 500 hour drug rehabilitation program. Defense requested that the defendant be sentenced at the low-end of the guidelines.

Defendant made her allocution to the Court.

Defendant's father, Brian Reyes, made a statement to the Court. Janet Pangelinan, the defendant's mother, made a statement to the court. Rose White made a statement to the Court.

Court made a "safety valve" finding and departed from the 10 year mandatory sentence adhering

SENTENCE: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court

that the defendant **Joaquina Pangelinan Reyes** is hereby sentenced to **70 months** imprisonment. While in prison the defendant shall participate in a **500 hour drug treatment** program, mental health treatment program and any vocational or educational programs. After release from imprisonment defendant shall be placed on five years supervised release. The term of supervised release will require that the defendant comply with the following conditions:

1. The defendant shall not commit another federal, state, or local crime;

2. The defendant shall not unlawfully possess a controlled substance, unless prescribed by a licensed physician, and shall refrain from any unlawful use of a controlled substance. She shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter not to exceed eight tests per month as directed by the U.S. Probation Office;

3. The defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

4. The defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission and codified under 18 U.S.C. §3563;

5. The defendant shall be prohibited from possessing a firearm or other dangerous weapon or having such weapon(s) at her residence;

6. The defendant shall participate in a mental health program approved by the U.S. Probation Office. The defendant shall also make co-payment for the program at a rate to be determined by the U.S. Probation Office;

7. The defendant shall refrain from the use of all alcoholic beverages;

8. The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether she has reverted to the use of drugs or alcohol. The defendant shall also make co-payment for the program at a rate to be determined by the U.S. Probation Office; and

9. The defendant shall perform **400 hours** of community service under the direction of the U.S. Probation Office.

    Pursuant to U.S. Sentencing Guidelines, Section 5E1.2(e), all fines were waived as it was determined that the defendant did not have the ability to pay.

    It was further ordered that the defendant pay to the United States a special assessment fee of **$100** to be paid immediately after sentencing.

    No objection to the sentence by the attorneys. Defendant was advised that she had waived her right to appeal but that if she or her attorney found any reason in which to appeal she has 10 days in which to do so. Further, she was advised that if she cannot afford an attorney for the appeal the Court will appoint on for her.

      Defense stated that the defendant had already paid her $100 assessment fee. Further, defense requested that the Court request, if at all possible, that the defendant be placed in a prison facility located in the Pacific Northwest. Court stated that it would be requested.

      Defendant was remanded into the custody of the U.S. Marshal.

Adj. 10:45 p.m.

K. Lynn Lemieux, Courtroom Deputy