FILED
Clerk
District Court

FEB 14 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ORIGINAL

DANILO T. AGUILAR, F0198
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court Bldg.
Cor. Ghiyeghi St. & Wischira Way
San Jose, Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Attorney for Defendant
JOAQUINA PANGELINAN REYES

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOAQUINA PANGELINAN REYES,<br><br>Defendant. | Criminal Case No. 05-00018-001<br><br>**APPLICATION FOR CERTIFICATION OF EXCESS COMPENSATION PURSUANT TO 18 U.S.C. §3006A (d)(3)** |

COMES NOW, Danilo T. Aguilar, court-appointed counsel for Defendant Joaquina Pangelinan Reyes ("Defendant") in the above matter, and hereby applies for certification of excess compensation to counsel pursuant to 18 U.S.C. § 3006A (d)(3) for the representation of Defendant, for services of an unusual character or duration pursuant to 18 U.S.C. 3006A § (e)(3).

## FACTS

The Court may take judicial notice of the following facts: On or about March 15, 2005, Danilo T. Aguilar was initially appointed to defend Ms. Joaquina Pangelinan Reyes pursuant to the Criminal Justice Act of 1964, 18 U.S.C. 3006A since the Defendant was found to be financially unable to obtain adequate

representation. The initial appointment of counsel was made under *In Re: Federal Investigation of Ms. Joaquina Pangelinan Reyes*, Case No. MC-05-00035.

On or about April 28, 2005, Ms. Reyes was charged by a one count information alleging as follows:

> From on or about October 2004 March 2005, the defendant Joaquina Pangelinan Reyes did knowingly and unlawfully combine, conspire, confederate and agree with other persons, known and unknown to the United States, to distribute 50 grams or more of methamphetamine in the form commonly known as "ice", a Schedule II controlled substance, in the District of the Northern Mariana Islands and elsewhere, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

On or about April 29, 2005, Defendant Joaquina Pangelinan Reyes appeared with counsel before the Honorable Alex Munson for a waiver of indictment and entry of please hearing. Pursuant to the plea agreement executed between Defendant and the U.S. Attorney's Office, Defendant entered a plea of guilty. Sentencing was continued on several occasions. Sentencing was eventually held on February 10, 2006 and defendant was ordered to serve a term of 70 months of incarceration, 5 years of supervised release, a special assessment of $100.00 was ordered to be paid, but no fine was ordered based upon Defendant's inability to pay.

## DISCUSSION

This matter has been pending before this Court for approximately 11 months. Since counsel's appointment with the initial federal investigation,

counsel has met on numerous occasions with Defendant and the U.S. Attorney's office to discuss Defendant's cooperation with the government and to speedily resolve the matter. The United States Attorney's Office held several interviews with the Defendant and numerous communications occurred between Assistant U.S. Attorneys Timothy Moran, Jaime Bowers, and defense counsel regarding the information provided by Defendant and information sought from Defendant.

The length of time spent on the matter was much higher than other cases given the numerous meetings held between counsel, Defendant, and law enforcement officials. Defendant was requested to provide information in a number of ongoing federal investigations involving the sale and distribution of crystal methamphetamine in the CNMI. The interviews and inquiries made by law enforcement were quite detailed and required counsel to act as the facilitator of information between Defendant and the U.S. Attorney's office. In addition to these discussions with the U.S. Attorney's office, counsel spent an extraordinary amount of time counseling Defendant regarding her obligations to cooperate with the government and consequences for breaching the agreement to cooperate. Given the young age of the Defendant and without the investment of this additional time for counseling the Defendant, Defendant may have stopped her cooperation with the government, thus leading to a much more lengthy sentence.

Based on these circumstances, appointed counsel hereby requests this Court to certify that excess compensation is warranted in this matter to provide fair compensation to counsel.

## NO NOTICE TO THE UNITED STATES

Appointed counsel brings this matter before the Court without notice to the United States in its capacity as a party to the case nor is the district court required to notify the United States upon receipt of a request *In Re Baker*, 693 F.2d 925, 927 (9th Cir. 1982).

The Criminal Justice act does not contemplate nor provide for any such adversary hearing. It excludes the government from participation in the Act's compensation and reimbursement arrangements. Id.; *see also United States v. Feldman*, 788 F.2d 625, 626 (9th Cir. 1986).

## EXTENDED AND COMPLEX REPRESENTATION

Section 3006A (d)(2) of the Act provides maximum amounts for compensating appointed counsel. The maximum statutory amount an attorney may receive for representing an indigent defendant charged with a felony is $5,700.00 regardless of whether the case proceeds to trial or not. Counsel seeks total compensation above the statutory limit.

However, pursuant to Section 3006A (d)(3) of the Act, the statutory maximum may be waived, and payment in excess of the ceiling may be made for extended or complex representation if additional payment in necessary to provide fair compensation to the appointed attorney.

In *United States v. Cook*, 628 F. Supp. 38 (D. Colo. 1985), the Court considered whether a drug conspiracy case warranted excess compensation. The Court noted that the ultimate goal to be achieved under Section 3006A (d)(3) is fair compensation for counsel. The Cook case lasted more than six months.

Accordingly, the Court found the case to be complex and to fit within the definition of extended representation.

In *United States v. Bailey*, 581 F.2d 984 (D. C. Cir. 1978), complex representation was defined as referring to the intricacies of the case and their corresponding call on counsel's intellectual resources.

In this case, counsel's involvement in this matter began in March 2005 during a federal investigation of Defendant's conduct in the sale of crystal methamphetamine. As part of discussions held between the U.S. Attorney's office, Defendant agreed to cooperate with the government and provide information for other ongoing investigations being conducted by the DEA. In exchange for this cooperation, Defendant was offered a plea agreement noting her need to continue her cooperation. Counsel has acted as the main liaison between Defendant and the U.S. Attorney's office for the exchange of information between them.

Counsel has worked on this case for approximately 11 months and around 77 hours to date, incurring fees and costs in excess of $7,000.00. Excess compensation should be granted because this case falls within the parameters of extended and complex representation.

**FAIR COMPENSATION TO COUNSEL**

According to the Guidelines for the Administration of the Criminal Justice Act, the Court must determine a fair reasonable fee using the following criteria: responsibilities involves measured by the magnitude and importance of the case; manner in which duties were performed, knowledge, skill efficiency, professionalism and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors

under which services rendered; and any other circumstances relevant and material to determination of a fair and reasonable fee. *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal 1992)

In *United States v. Cook*, supra, the Court found that an excess award was necessary to provide the appointed attorney with fair compensation. Its findings were based on the facts of the individual case, considering the time spent, the result achieved and other factors, which in the court's judgment lends meaning to the test.

The Sixth amendment guarantees that all criminal defendants are to be represented by effective legal counsel- counsel who are reasonably diligent, conscientious and competent. *United States v. Bailey*, supra. This and other constitutional guarantees represent the cornerstone of the American criminal justice system and ensure that the process is fundamentally fair.

In this matter, a significant portion or time was spent in meetings with the client and law enforcement officers for debriefing of Defendant as to her knowledge of the drug trade on Saipan.  Even more time was spent by counsel to ensure that the Defendant will honor her obligation to continue cooperation.  All tasks were rendered for the benefit of the Defendant and the hours spent representing Defendant were required to properly protect her due process rights.

//

//

//

## CONCLUSION

Accordingly, the undersigned respectfully requests this Court to grant full compensation requested in the final billings of counsel submitted to the Court for payment.

Respectfully submitted this 13th day of February, 2006.

_____
DANILO T. AGUILAR,
Attorney for Defendant
Joaquina Pangelinan Reyes